LEE YANG,

        Plaintiff,

     v.                                Case No. 23-C-135

MARY C. FOX,

        Defendant.

# SCREENING ORDER

On February 1, 2023, Plaintiff Lee Yang filed this *pro se* lawsuit against Defendant Mary C. Fox, alleging that, on April 28, 2022, she misdiagnosed him with active psychosis, auditory hallucinations, and schizophrenia during a physical appointment at Aurora Bay Care Health Center. Yang further alleges that Fox's misdiagnosis prevents him from finding work in the trucking industry. Compl. at 1–2, Dkt. No. 1. Yang seeks damages for Fox's misdiagnosis. *Id.* at 4. Yang also filed a motion to proceed *in forma pauperis*. Dkt. No. 2. For the following reasons, Yang's motion to proceed *in forma pauperis* will be granted, but his complaint will be dismissed for lack of subject-matter jurisdiction.

"A litigant need not be totally destitute to qualify for indigent status under 28 U.S.C. § 1915(a)." *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), "contemplates a standard of indigence that can be satisfied by persons other than those living in abject poverty." *Kelsay*, 825 F. Supp. at 217 (citing *Zaun v. Dobbin,* 628 F.2d 990, 992 (7th Cir. 1980)). In his motion to proceed *in forma pauperis*, Yang represents that he is unemployed, lives with his parents, and owns a car worth approximately $4,500. *See* Dkt. No. 2 at 1–3. These allegations are sufficient to establish indigency.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In order to state a claim on which relief may be granted in federal court, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Federal jurisdiction can be found where the case arises under "the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331 (federal question jurisdiction), or where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states, 28 U.S.C. § 1332(1)(a) (diversity of citizenship). *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). Yang's complaint fails to allege a basis of jurisdiction under these or any other federal statute. That is fatal to his lawsuit. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936) (holding "the party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleadings the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing"); *Engel v. Trib. Co.*, 189 F.2d 176 (7th Cir. 1951) (stating that, because federal district courts are courts "of limited jurisdiction . . . in every case the jurisdictional facts must be alleged affirmatively or the court is without jurisdiction"). Thus, the court lacks jurisdiction over Yang's action.

**IT IS THEREFORE ORDERED** that Yang's motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Yang's complaint (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 2nd day of February, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

3